UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEE HENDLER

VERSUS

ALLSTATE INSURANCE CO., ET AL.

CIVIL ACTION

NO: 20-2000

SECTION: "A" (2)

## ORDER AND REASONS

The following motion is before the Court: **Motion for Judgment on the Pleadings (Rec. Doc. 12)** filed by the plaintiff, Lee Hendler ("Plaintiff"). Defendant, JP Morgan Chase Bank, N.A. ("Chase"), opposes the motion. The motion, submitted for consideration on November 11, 2020, is before the Court on the briefs without oral argument.

In August of 2005, Hurricane Katrina destroyed Plaintiff's home in New Orleans, Louisiana. (Rec. Doc. 1-2, Petition ¶ VI). Chase was Plaintiff's mortgage lender at the time. Allstate Insurance Co., another defendant in this case, was the insurer at the time.[1] Allstate issued a check in the amount of $146,977.45 made payable to Plaintiff and to Chase. (*Id.* ¶ VII). The check was never negotiated and when it became stale Allstate reissued the check. Apparently this has been going on for several years with Allstate reissuing the check anew, always making it payable to Plaintiff and to Chase (*Id.* ¶ X). Ownership of the funds from a check for $146,977.45 dated December 5, 2019, made payable to Plaintiff and Chase, was at issue when this litigation was

---

[1] In the Notice of Removal Allstate has clarified that the relevant policy was an NFIP flood policy.

initiated in state court.

Plaintiff initiated this matter as a concursus proceeding in state court, and the record contains an order allowing the insurance funds to be deposited into the registry of the Civil District Court, Parish of Orleans.[2] (Rec. Doc. 1-2 at 7). Those funds were not deposited and the Court assumes that the December 2019 check has become stale.[3] Plaintiff contends that the only issue in this proceeding is who is entitled to the insurance proceeds. (Petition ¶ XX). Plaintiff maintains a claim to some, or all of the funds, at issue herein.[4] (*Id.* ¶ XIX). Allstate removed the action to federal court because it has been sued in conjunction with an NFIP policy.

Plaintiff has not had an ownership interest in his former home for more than a

---

[2] In Louisiana a concursus proceeding is one in which two or more persons having competing or conflicting claims to money or property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding. La. Code Civ. Pro. 4651. A Louisiana concursus action is an action in the nature of an interpleader under federal law. *AAR, Inc. v. Cent. Inv. Group, LLC*, Nos. 08-7, 08-4194, 2008 WL 5264265, at *2 (E. D. La. Dec. 17, 2008) (citing *Usry v. Price,* 325 F.2d 657, 658 n.1 (5th Cir.1963)). Of course, the federal interpleader statute requires that the funds be deposited into the registry of the Court. 28 U.S.C. § 1335(a)(1). No funds have been deposited with this Court so this action cannot proceed as an interpleader until that occurs.

[3] In his amended petition Plaintiff advises that because the December 2019 check was made out to both Plaintiff and Chase the state court registry would not accept the funds. (Rec. Doc. 1-2, Amending and Supplemental Petition ¶ XV).

[4] Plaintiff is not disputing the payment of the insurance claim, (Rec. Doc. 1-2, Petition ¶ XX), because any attempt to do so long ago prescribed. Thus, the sole relief being sought against Allstate by the plaintiff is to have the next check issued to Hendler only. (*Id.* ¶ XXIII). While the case was in state court, Plaintiff sought to have Allstate re-issue the check so that it would be payable to the Clerk of Court and accepted into the registry thereby allowing the action to proceed as a concursus. (Rec. Doc. 1-2, Amending and Supplemental Petition ¶ XVI). The Court recognizes that this may not be a simple request given that the policy proceeds pertain not to an Allstate policy but rather to an NFIP policy.

2

decade. (*Id.* at ¶ IX). By way of his amended petition, Plaintiff advises that Chase foreclosed on the property in May 2008, and as of that date, according to public records, the outstanding balance that Plaintiff owed on his home loan with Chase was $195,321.57. (Rec. Doc. 1-2, Amending and Supplemental Petition ¶ IX). In 2014, Chase purchased the property for $392,014.00 at auction. (*Id.*) Plaintiff complains that he never received an accounting to determine, what if any surplus, he may be entitled to. (*Id.*) Plaintiff explains that when he received one of the Allstate checks back in 2018, he contacted Chase to determine what to do with the check and he was told that Chase had transferred the mortgage and therefore no longer had any relationship with Plaintiff. (*Id.* ¶ XI). Petitioner then diligently attempted to contact the transferee company but to no avail. Petitioner also named Nationstar Mortgage, LLC as defendant in this case in the event that this entity might make a claim to the funds.[5]

    Plaintiff now moves for relief, *i.e.*, to be declared the proper owner of 100 percent of the $146,977.45 flood proceeds and to receive an accounting from Chase, pursuant to Rule 12(c), motion for judgment on the pleadings. A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson,* 385 F.3d 503, 529 (5th Cir.2004)). The Court must accept the factual allegations in the pleadings as true but the plaintiff must plead "enough facts to

---

[5] Plaintiff joined Nationstar Mortgage as the successor to Seterus, Inc. after someone with Chase advised Plaintiff in 2018 that the loan had been sold to this company. (Rec. Doc. 1-2, Petition ¶ XI). In its Answer filed in this litigation, Chase denies that it ever sold or otherwise transferred the loan to any other entity. (Rec. Doc. 11, Answer ¶ 32).

state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)).

The motion is denied because the factual allegations in the pleadings do not entitle Plaintiff to judgment as a matter of law. In fact, the Court is persuaded that Plaintiff's own pleadings do not necessarily entitle him to the relief sought. When Plaintiff allowed his property to go into foreclosure after Hurricane Katrina he owed significantly more on the loan to Chase than what the property was determined to be worth at the time. Chase purchased the property at the foreclosure sale for more than it was worth but the purchase was a credit bid by the seizing creditor so Chase received no funds from the auction sale. Plaintiff did not spend any of his own money to repair or remediate the property. In its original answer,[6] as Chase points out, it denied virtually every allegation in Plaintiff's pleadings except to admit that it is not and never was entitled to a deficiency against Plaintiff based on the loan indebtedness. But the Court agrees with Chase's contention in its opposition that this was not an admission that Plaintiff, who again did not pay the balance on his original loan or repair the property, is somehow entitled to the flood proceeds. He may or may not be. The Court agrees with the arguments that Chase made regarding the necessity for some discovery and an opportunity to delve into how the flood proceeds should be applied, when it moved over Plaintiff's objection to continue Plaintiff's motion for judgment on the pleadings as being

---

[6] After Plaintiff filed his Rule 12(c) motion Chase filed a motion to amend its answer (Rec. Doc. 22). That contested motion is pending before the magistrate judge. The Court has not reviewed the proposed amended answer but the Court agrees with Chase's contention that the pleadings as they currently stand do not entitle Plaintiff to judgment as a matter of law.

premature. Simply, this case will not be resolved on the pleadings alone.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Judgment on the Pleadings (Rec. Doc. 12)** filed by the plaintiff, Lee Hendler, is **DENIED**.

November 17, 2020

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE